W. M. MOSES, plaintiff in error, *vs.* JAMES T. FLEWELLEN, defendant in error.

It is only when the Judge below abuses his discretion, *i. e.* commits an error in law, that this Court will interfere with his granting or refusing an injunction. (R.)

Relief. Injunction. Before Judge JOHNSON. Muscogee County. Chambers. November, 1870.

Moses *vs.* Flewellen.

Flewellen's bill, filed in Muscogee, made this case: In May, 1867, Baldwin & Company obtained judgment against Flewellen for $18,233 93, and *fi. fa.* was issued in June, 1867. All of it has been paid but $5,000 00. Prior to June, 1865, one Bradley obtained a judgment against Flewellen, which now calls for $4,700 88. In March, 1869, Flewellen notified Bradley that he would apply to the next term of the Superior Court to reduce his said judgment, under the Relief Act of 1868, and filed a petition therefor, in the Clerk's office, which is pending, never having been heard. Certain property of Flewellen was levied on by Baldwin & Company's *fi. fa.*, and sold in March, 1869, for $7,000 00, to Baldwin & Company. Bradley's *fi. fa.* was placed in the sheriff's hands to receive said $7,000 00.

The Judge had announced that he would hear no motion to open judgments till further notice, and had not given such notice. For this reason, Flewellen took it for granted that the sheriff would not pay any money on the Bradley *fi. fa.* But Baldwin & Company's attorneys transferred that *fi. fa.* and Baldwin & Company's bid to Moses, of Washington county. Moses bought Bradley's *fi. fa.* for fifty cents on the dollar, and procured the sheriff to dispose of said bid of $7,000 00 by entering enough of it to pay the Bradley *fi. fa.*, as paid on it, and the balance as paid on the Baldwin & Company *fi. fa.* And now the Baldwin & Company *fi. fa.* is levied on Flewellen's other property to pay the balance due on it. "By set off and recoupment," Flewellen can defeat Bradley's *fi. fa.*, and he desires an opportunity to make the effort. (There is no averment as to what *facts* constitute his grounds for relief). Moses is insolvent, as Flewellen is advised and believes. Plaintiff's attorneys reside in Muscogee. He prayed injunction against the attorneys and Moses, and for a hearing upon the relief motion as to Bradley's *fi. fa.*, and a proper application of said $7,000 00.

By amendment, he averred that he had filed an affidavit of illegality to Baldwin & Company's *fi. fa.*, but because his

attorneys failed to get his notice to attend to the same, it was dismissed without a hearing. He does not aver what ground of illegality was taken.

Moses demurred to the bill, because he did not reside in Muscogee; because the decision of the illegality estopped Flewellen; because the bill contained no equity, and because the Relief Acts were unconstitutional, etc. The Court overruled the demurrer. Moses then answered, stating the *bona fides* of his purchase of said judgments and *fi. fas.*, insisting they were both unpaid, and that it was right to have said' $7,000 00 so applied, and denying insolvency. The Court granted the injunction. That is assigned as error upon the grounds stated above, and because the answer swore off the equity, if any there was.

MOSES & DOWNING, for plaintiff in error.

INGRAM & CRAWFORD, for defendant.

LOCHRANE, C. J.

A *fi. fa.* obtained in 1867, in favor of D. H. Baldwin & Company, was levied on the land of Flewellen, and the property sold in March, 1869. Before the sale, Flewellen notified the sheriff that he would move to open a judgment held by Bradley, which was of older date, before June, 1868, which he had. Moses by transfer, became the purchaser of the property, and also of the two judgment *fi. fas;* and there being no motion made at the ensuing term of the Court to open the Bradley judgment, under the Relief Act of 1868, Moses demanded the money in the sheriff's hands to be applied first to it, which he did, crediting the balance on the younger, or Baldwin *fi. fa;* then it was levied for the balance upon Flewellen's plantation in Quitman county. This bill was filed, and injunction moved to stop the sale under the levy, and the main ground of. equity relied on, grows out of the fact that the proceedings to scale the Bradley judgment were still

pending and undisposed of at the time this disposition of the money took place.   It appears the papers were filed, but not docketed by the Clerk, and that the anouncement by the Judge at the term that he would not take up cases under the Relief Act, prevented Flewellen from making his motion at the time.   His bill was that he has a good defense, etc., and presents the fact of notice to the parties, and insists upon the injustice of appropriating the $7,000 00, raised from the sale in the manner set out.   Upon the hearing of bill and answer, the Judge granted the injunction requiring bond: Held, under the repeated rulings of this Court at the present term, the original jurisdiction over granting or refusing injunctions is vested by law in the Court below, and it is only in cases where there has been an abuse of the discretion— that is to say, an error in law is committed by the Judge below in granting or refusing an injunction—that this Court will interfere.   And under the facts in this case we are satisfied the Court has not abused the discretion vested in him, by granting the injunction as prayed.

Judgment affirmed.