## ISON vs. MANLEY.

The charter of the city of Griffin gives it no authority to define a nuisance, but it has only the power to prescribe the mode and manner of trying all charges thereof, and the state law must determine what a nuisance is which may be so abated. Therefore a petition by a property owner to abate a nuisance, consisting of an encroachmenl on one of the streets of the city, should have shown some special damage to him in which the public did not participate; and in the absence thereof, such a petition was properly dismissed on demurrer.

April 20, 1886.

Municipal Corporations. Griffin. Nuisance. Pleadings. Before Judge STEWART. Spalding Superior Court. August Adjourned Term, 1885

Reported in the decision.

F. D. DISMUKE ; S. C. McDANIEL, for plaintiff in error.

BECK & BECKS ; E. W. HAMMOND, for defendant.

JACKSON, Chief Justice.

Ison petitioned the mayor of Griffin to grant a rule *nisi* against Manley to show cause why an encroachment

on Solomon street in said city should not be abated as a nuisance.

The mayor granted the application and ordered the clerk to issue the rule, and service thereon was had. When the cause came on for trial, counsel for Manley demurred orally to the petition to the mayor for the rule, as insufficient, admitting all in it to be true, to authorize complaint about the encroachment to be made at all by Ison, inasmuch as no damage or hurt to him was specifically alleged in that petition. Thereupon the case was dismissed. On application for the writ of *certiorari* to his honor, Judge Stewart, the writ was refused, and that refusal is the error assigned.

By the charter of Griffin, section 14, power is granted to the city " to prescribe the mode and manner of trying all charges of nuisance in the city and the abatement of the same."

By section 229 of the city ordinances, it is declared "that any obstruction or encroachment to the streets, side-, walks or alleys of the city shall be held and deemed a nuisance, and may be abated as such."

By section 234 of the ordinances, it is declared that " any person annoyed by a nuisance, or who may desire the abatement of the same, may apply to the mayor, or any member of council, clerk or marshal, whose duty it shall be to cause to be issued a rule *nisi* or summons, describing the nuisance or encroachment thus complained of, directed to the person complained against, . . . . requiring him to show cause why said alleged nuisance or encroachment should not be adjudged a nuisance and abated accordingly," etc.

By section 235 of the ordinances, it is enacted that " when the day arrives, the mayor and council shall hear evidence on the encroachment or nuisance, and determine according to law and evidence. If, after hearing the case, the mayor and council shall decide the encroachment complained of a nuisance, judgment," etc.

Section 236 provides, if nobody complains, then the mayor and council may proceed of their own accord.

By the Code of the state, section 3000, "a nuisance is anything that worketh hurt, inconvenience or damage to another."

By the same Code, section 2997, "a public nuisance is one which damages all persons who come within the sphere of its operation, though it may vary in its effects on individuals. A private nuisance is one limited in its injurious effects to one or few individuals. Generally, a public nuisance gives no right of action to any individual, but must be abated by process instituted in the name of the state. A private nuisance gives a right of action to the person injured."

Section 2998 of the Code declares that, "If, however, a public nuisance causes special damage to an individual, in which the public do not participate, such special damage gives a right of action;" and section 2999 declares, "A private nuisance may injure either the person or property, or both, and in either case a right of action accrues."

It will be seen that the charter of Griffin gives that city no authority to define a nuisance. It has only the power "to prescribe the mode and manner of trying all charges" of them. The state law declares what a nuisance is; the city ordinance merely prescribes how they shall be tried legislatively, and how to try them judicially. Therefore, when they try a case "upon law and evidence." under section 235 of their ordinances, they must determine the law of nuisance by the state law, and not by the city ordinance. It follows that before, by the action or suit or complaint of any individual, they can find a nuisance in his favor, he must show private damage to him, whether the nuisance be private or public. If public, it must damage him individually in person or property in a way "in which the public do not participate." Code, §2998–9. It must be "special damage" to him, the same section 2998, declares.

How is he to show this special damage in which the

public do not participate? His complaint must specify it so that the clerk may issue a rule *nisi* to the person charged, specifying what he must answer to; and if he does not show it so that the clerk can make the charge clear in the rule *nisi*, or at any rate, if he does not amend in such a way that the defendant may join issue upon it, how is evidence to be heard? The mayor and council must conclude, as they did, that he can show nothing but the charge he has put on paper, and if that does not show special damage outside of that which also annoys and hurts the public, the mayor and council, while they may, if they see fit, abate the encroachment as a public nuisance, of their own accord, if they find it such, yet they may well say to him, "You show no private, special damage to your person or your property, and we prefer to take care of the public ourselves; therefore, your interference in what does not concern you more than the public has no sanction of law, and your complaint in behalf of the public is dismissed."

If the allegations in the petition set out special damage, apart from that of the public, then the mayor and council must hear evidence by their ordinance as well as by all law; but if they do not show such special damage, then on the law and the facts in the petition they may adjudicate the complaint and dismiss it, as they did; for all presumption is that a man cannot show more than he says in writing exists, and in his petition he will state everything he can for his own success.

We conclude, then, that the judge was right to sustain the mayor and council and refuse the writ of *certiorari*.

The case of *The Coast Line Railroad Company vs. Cohen*, 50 *Ga.*, 451, is squarely upon the point. That was a bill in equity to enjoin an obstruction in a public street, at the instance of private citizens; and this court held that equity would not grant relief at the prayer of one or more citizens, unless they alleged special damage to their own property. The court then also held that it is no sufficient allegation that one of complainants was a lot owner

on the street encroached upon, no specific injury being alleged to that lot, " but only a general allegation that damage will result to said lot." That allegation, marked as extracted, is stronger than anything in the petition in the case at bar. Further on, in the opinion, on page 462, the court say: " Facts must be set forth, specifications of the injury made, so that an intelligent mind may understand how and to what extent there will be injury."

And so the Code itself speaks in the sections cited, *supra*, especially section 2998.

Judgment affirmed.