## SAPP *v.* RITCH.

No. 6841.   September 11, 1929.

*W. H. Burt,* for plaintiff in error.   *E. L. Smith,* contra.

RUSSELL, C. J.   Ritch bought from Sapp a certain lot in the City of Albany. Adjoining this lot, which is minutely described, Sapp retained a vacant lot fronting 105 feet on Second Avenue, upon which Sapp informed Ritch he would build three store-buildings; but according to the petition and the testimony in

behalf of Ritch it was expressly agreed that Sapp would build no business house adjoining the three business houses he then contemplated building. The three business lots left a vacant lot between them and the lot Ritch had purchased, fifty-six feet wide. Ritch told Sapp he would not buy the property if he intended to erect any more business houses than the three. Upon the conditions just mentioned Ritch purchased the lot from Sapp and erected thereon a two-story, four apartment dwelling-house. Ritch accepted the deed from Sapp without inserting the contemporaneous agreement providing against the erection of business houses on the 56-foot lot, though the deed was drawn so that Ritch agreed not to build nearer than ten feet to his line on the east side of the lot purchased, and it was stipulated in the deed that he purchased subject to the street and sidewalk paving liens against the property; but he observed that the deed did not contain the condition which had been agreed between the parties, namely, that Sapp would not erect a business house on the vacant lot between the lot being purchased and the three business houses which Sapp had already begun to erect. Ritch called Sapp's attention to this omission, and Sapp agreed that Ritch was correct, and Sapp immediately wrote an agreement not to build a business house on the lot adjoining the lot being purchased by Ritch, and attached that agreement to the deed. Ritch accepted the deed under these circumstances, believing that the written agreement attached to the deed was sufficient to bind Sapp. Sapp made no effort to disregard the written agreement until sometime later, when he approached Ritch and requested his permission to erect another business house on the west side of the three business houses which he had completed. Ritch objected to Sapp violating his agreement; and as Sapp made plans to disregard the agreement attached to the deed, Ritch filed a petition for injunction, setting up the above facts, and praying that the deed be reformed so as to speak the truth of the contract between the parties. A temporary restraining order was granted, and a hearing was had before the court on September 8, 1928, at which time Ritch filed an amendment to his petition to meet the special demurrers filed by Sapp. Sapp also filed a general demurrer. The court overruled both special and general demurrers. Upon the hearing which followed the answer of the defendant was in strong conflict with the plaintiff's petition. Evidence was ad-

duced by both parties; and after argument the court continued in force the temporary restraining order. Exception is taken to the overruling of the demurrers, and to the judgment continuing the interlocutory injunction.

The court did not err in overruling the special demurrer, which was met by amendments offered by the plaintiff. Ritch told Sapp he would not buy the property described in the deed unless he (Sapp) would agree not to build more than three business houses. Sapp attached to the deed given Ritch a letter dated December 6, 1927, as follows: "I agree not to build a business house on lot adjoining lot deeded to you on Second Street, Albany, Georgia, dated the 5th day of December, 1927. (Signed) E. F. Sapp." Under the provisions of section 4572 of the Code (1910), resort to parol evidence is necessary to reform the instrument. A written instrument is evidence of what the parties intended to do; but when a party seeks reformation of an instrument the instrument is not the best evidence in such controversy. The very purpose of resorting to parol evidence is to contradict the instrument. *Green* v. *Johnson,* 153 *Ga.* 738 (113 S. E. 402); *Nelson* v. *Spence,* 129 *Ga.* 35 (58 S. E. 697). See also *Harrison* v. *Hesler,* 160 *Ga.* 865 (129 S. E. 528). For the purposes of demurrer the allegations of the petition must be treated as proved; and there was no error in the court's holding that if the deed, either by reason of mistake, as charged in the original petition, or by fraud, as set up in the amendment, did not truly set forth the contract of purchase between the parties, the petitioner was entitled to a reformation of his evidence of title. Under the provisions of section 4570 of the Civil Code of 1910, mistake relievable in equity is some unintentional act arising from ignorance, surprise, imposition, or misplaced confidence. Under section 4573, equity will grant relief as between the original parties and even as against their privies who are purchasers with notice of the facts. And while mere ignorance of the law on the part of a complaining party, where the facts are all known, and if there is no misplaced confidence and no artifice or deception or fraudulent practice used by the opposite party to induce a mistake of law or to prevent its correction, will not authorize a reformation (§ 4575), an honest mistake of law as to the effect of the instrument on the part of both contracting parties, when such mistake operates as a gross injustice to one and gives an

unconscientious advantage to the other, may be relievable in equity. § 4576. Parol evidence is admissible to prove a mistake in a deed or other contract required by law to be in writing. § 4572. Under these provisions of law the allegations of the petition were sufficient to withstand a general demurrer, especially as the petition was so amended as to charge fraud as well as mistake.

· After overruling the demurrers the court proceeded to hear testimony; and since the evidence was in conflict and the judge is the trior of the credibility of the witnesses in applications for interlocutory injunctions, we can not say that he abused his discretion in continuing of force the temporary restraining order originally granted upon presentation of the petition.

*Judgment affirmed. All the Justices concur.*