VOYLES *v.* CARR *et al.*

No. 8571.   OCTOBER 15, 1931.

630

*Rupert A. Brown,* for plaintiff.   *E. C. Stark,* for defendants.

RUSSELL, C. J.   (After stating the foregoing facts.)   The only substantial question raised in this case is whether the court erred in refusing an interlocutory injunction.   The judge based his decision upon two grounds: first, that the action was barred by reason of laches: second, because of the insufficiency of the evidence "to justify the court to restrain said proceeding."   The first reason assigned by the judge was based upon the 19th paragraph of defendant's answer, which set up that the loan was made in 1919, and that the plaintiff made no effort to have title put into herself, and therefore was estopped now to do so, and was barred by the statute.   This presented solely a question of law.   However, from the record it is very plain that there was a question of fact involved in this case, which would as well have authorized the judge to decide as he did, or to the contrary if he had done so.   The question whether the plaintiff is entitled to the relief she seeks depends upon whether Carr knew of her equity at the time he advanced the money and made the loan to her husband.   There is

testimony that he did. He swears positively that neither at the time of advancing the money, nor prior thereto, nor at any time subsequent, did he ever know that Mrs. Voyles claimed any interest in the property, until the filing of her petition. It was a prerogative of the trial judge to pass upon the credibility of the witnesses; and if the testimony of Carr be credited, the petitioner has no equity. The fact that a man of sane mind, having full knowledge of a wife's equity, would advance the balance of the purchase-price for a piece of property to buy a home for her, and yet take title to secure his loan from the husband, would seem so entirely unreasonable as to lend some corroboration to the testimony of Carr. Upon this conflicting evidence the judge was authorized to refuse to restrain the suit upon the note in the city court of Athens, and his judgment must be affirmed. "In hearings upon applications for interlocutory injunctions, where the evidence upon material issues of fact is in conflict, the grant or refusal of applications is within the discretion of the chancellor, and the exercise of his discretion in granting or refusing the relief prayed for will not be controlled unless manifestly abused." *Sapp* v. *Ritch,* 169 *Ga.* 33 (3) (149 S. E. 636). The plaintiff insists that the judge erred, because he held that the action was barred by laches; and that the refusal of an injunction, in the form of the present order, will leave nothing to be done, when the case comes on for trial, other than for the court to direct a verdict for the defendant. The only matter before the court on the interlocutory hearing being whether the court should enjoin the proceeding in the city court of Athens, and the general principle being that if the judgment is for any reason correct it need not be for every reason correct, and that it does not matter even if the court under review, in rendering a correct judgment, states a wrong reason for its rendition, we shall not at this time pass upon the question raised as to laches; so that question may be considered upon its merits.

Counsel for the plaintiff says: "The judgment of the trial judge denying the injunction because the plaintiff in error was guilty of laches in the case at bar is erroneous. He held that she was barred because of laches, and therefore denied the injunction. This judgment should be reversed, for in giving the law of laches application to the facts involved he misapplied it. Until reversed, it is the law of the case, although it is contrary to the law and contrary to the

evidence. Unless reversed, it is a virtual disposition of the cause in the trial court; and being the law of the case, the plaintiff will be faced with the doctrine of stare decisis on a trial before a jury. Under his holding that plaintiff in error was barred because of laches, he would be precluded from doing anything other than directing a verdict against her on the trial of the case before a jury. Plaintiff in error insists that under the evidence she was not barred because of laches, and that the order of the court denying the injunction because of such is contrary to law, contrary to the evidence, and an abuse of discretion. The pleadings of the plaintiff in error and the evidence adduced in support thereof clearly establish an implied or resulting trust in her favor." As we have already held, the question as to whether there was such an implied or resulting trust in favor of the plaintiff is purely a question of fact, and depends upon whether the testimony in behalf of the petitioner or that in behalf of the defendant should be believed. It does not require citation of other authority than the Civil Code, § 4529, to support the proposition that if the defendant took with notice of the equity of the plaintiff, he took subject to the equity of an implied trust. The judge was authorized to find that the rights of the defendant are in no wise affected by an implied trust; but upon the trial, upon the evidence then before it, a jury may find that Mr. Carr had knowledge of the equity of Mrs. Voyles at the time that he extended credit to her husband. If the jury should find that the defendant is not affected by the implied trust which constitutes the equity of the plaintiff, the question of laches will not arise; it will not have to be passed upon. No demurrer to the petition on the ground of laches appears. The defense of estoppel, based upon that ground and the statute of limitation, is asserted in the 19th paragraph of the defendant's answer. Upon the trial of the case this defense, not having been assailed by demurrer or stricken, will be in order for the consideration of the jury under instructions by the court, which we must presume will be adjusted to the pleadings and the evidence. The issues of fact, as set forth in the pleadings, are unaffected by the rulings of the judge upon issues of fact before him in the grant or refusal of interlocutory injunctions. Findings upon facts on applications for interlocutory injunctions do not

operate as res judicata in the final trial of the case upon its merits. *Albany Theatre Co.* v. *Short,* 173 *Ga.* 121 (159 S. E. 688).

Judgment affirmed. All the Justices concur.