JONES *v.* PRIMROSE DRY CLEANING COMPANY INCORPORATED.

ATKINSON, Justice. The exception is to an interlocutory judgment enjoining an employee and his confederate from carrying on a competitive business after termination of the employment for a limited time in defined territory, in violation of the contract of employment. The suit was instituted by an assignee of the contract which did not expressly state that the restrictive agreement was enforceable by an assignee. On application of the principles ruled in *National Linen Service Corporation* v. *Clower*, 179 *Ga.* 136 (175 S. E. 460), to the pleadings and evidence, the court did not err in upholding the contract, and, on conflicting evidence, granting the injunction.

*Judgment affirmed. All the Justices concur.*

No. 10582. SEPTEMBER 20, 1935.

*Ezra E. Phillips* and *W. P. Middlebrooks,* for plaintiff in error. *Noah J. Stone, John L. Cone,* and *John F. Echols,* contra.

BOWMAN *v.* DARBY.

ATKINSON, Justice. The sworn pleadings were read as evidence. Other evidence was also introduced by affidavits. On the whole it appears that there was material conflict, and the discretion in refusing an interlocutory injunction will not be disturbed.

*Judgment affirmed. All the Justices concur.*

No. 10596. SEPTEMBER 20, 1935.

*Saffold & Sharpe,* for plaintiff. *B. P. Jackson,* for defendant.