REAGIN *v.* HARRISON, comptroller-general, *et al.*

No. 11102. February 19, 1936.

*Alexander McLennan,* for plaintiff.

*M. J. Yeomans, attorney-general,* and *B. D. Murphy, assistant attorney-general,* for defendants.

RUSSELL, Chief Justice. We adopt the statement of this case as made by counsel for the plaintiff, as follows: Roy Reagin filed a petition against the comptroller-general of the State of Georgia and the chief clerk in the comptroller-general's office in charge of the collection of the mileage tax from carriers for hire. The bill prayed for a temporary restraining order and a permanent injunc-

tion against the defendants, asking that they be enjoined from the collection of mileage taxes claimed to be due the State of Georgia by reason of Reagin's hauling empty beer-cases belonging to the Atlantic Ice & Coal Company. The bill alleged that Reagin received no consideration for the hauling of empty beer-cases, and that Reagin was a carrier of goods for hire, and was operating trucks over the highways of Georgia under a certificate issued by the Georgia Public-Service. Commission. The defendants' answer denied that the plaintiff received no consideration for hauling the empty beer-cases. After hearing the evidence the court overruled the prayer for an interlocutory injunction, and dissolved a restraining order previously granted. To this order Reagin excepted.

The Code of 1933, § 92-2901, declares: "The term 'motor carrier,' as used in this chapter, shall mean all persons, firms, associations, or corporations engaged in the business of transporting for hire by motor vehicle persons or property, or both, on the public highways of this State, whether as common carriers or not." Sections 92-2903 and 92-2904 relate to taxation of common carriers of passengers. Section 92-2905 relates to common carriers of goods, and provides a schedule of fees to be paid for the operation of motor vehicles transporting goods, the schedule being based on the rated capacity of the vehicle and the length of the route traversed. Section 92-2907 provides: "Those·engaged in the carriage of goods for hire, but not being common carriers, shall pay the tax at the same rate·and method of calculation and in the same manner as common carriers of goods." Section 92-2909 provides as follows: "Any motor carrier may, in lieu of the rates hereinbefore provided, pay the tax on the following basis and at the following rates. . . Upon each vehicle for the carriage of goods . . a tax of one fourth cent per mile for each mile of travel in this State, where the combined weight of load and vehicle is less than 4000 pounds; three eighths of a cent per mile where the combined weight of load and vehicle is 4000 pounds or more but less than 6000 pounds; one half cent per mile where the combined weight of load and vehicle is 6000 pounds or more, but less than 10,000 pounds; three fourths of a cent per mile where the combined weight of load and vehicle is 10,000 pounds or more but less than 20,000 pounds; one and one half cents per mile where the combined weight of load and vehicle is 20,000 pounds or more:

provided, nevertheless, that nothing herein shall be so construed as to authorize any person to operate a vehicle upon the highways of this State where the weight of the vehicle or of the load exceeds that prescribed by the laws of this State regulating such matters." From this section it is apparent that it was the intention of the legislature that no motor carrier, from the minimum weight of truck to the maximum mentioned in the section, should escape the charge laid for using the public highways and subjecting them to wear and tear which must eventually be replaced. So, if we phrase the question involved in this case—can one who has contracted to haul a truck-load of cases filled with bottles full of beer, for a stipulated price, haul back the cases of empty bottles "as a courtesy" to the shipper?—construing § 92-2909 in the light of the other sections to which reference has been made, and of the evidence in the record, and keeping the reason for the enactment of § 92-2909 in view, it is very clear that the carrier can not escape the mileage tax upon the ground that the empty bottles were transported merely as a courtesy. In such a case courtesy must bow and gracefully do obeisance to the law. It is true there are some conflicts in the evidence, but these it was for the court to reconcile; for there is no more settled rule of jurisprudence than that upon hearings as to the grant or refusal of interlocutory injunctions the discretion of the court in this respect will not be controlled unless manifestly abused. So far as appears from a review of the evidence and inferences from the testimony which were fully authorized, it appears that the exercise of the judge's discretion was fully supported, instead of abused. The court did not err in refusing an injunction.

*Judgment affirmed. All the Justices concur.*