JEANES *v.* WILLIAM PRESCOTT TURPENTINE COMPANY *et al.; et vice versa.*

Nos. 11905, 11935. NOVEMBER 30, 1937.

*I. H. Corbitt,* for plaintiff.

*Harley Langdale, J. Lundie Smith,* and *B. Lamar Tillman,* for defendants.

ATKINSON, Presiding Justice. In the Code, § 6-903, it is declared: "In . . all cases granting or refusing applications for injunction or receiver . . the bill of exceptions shall be tendered and signed within 20 days from the rendition of the decision, and the opposite party shall be served within 15 days from such signing, with the bill of exceptions." In the case before us there was an application for an interlocutory injunction, and this was refused by the lower court; and consequently the statute applies to a main bill of exceptions filed by the plaintiff, Jeanes, which falls into the category of what is known as a fast bill of exceptions. In *Roberts* v. *Northwestern National Life Ins. Co.,* 143 *Ga.* 780 (85 S. E. 1043), Mr. Justice Evans, speaking for the entire court, said: "The practice with reference to the particularity of assignments of error, as well as to the subject-matter of exceptions in main and cross-bills of exceptions, has always been considered substantially the same. The essential difference between a main and a cross-bill of exceptions is that the latter does not lie until

a main bill has been certified, and it is sued out by the defendant in error. The practice act does not indicate that the plaintiff in error in a cross-bill of exceptions is to be accorded any privilege superior to the plaintiff in a main bill. The Civil Code, § 6152 [1933, § 6-902], requires that a main bill of exceptions in ordinary cases shall be tendered to the trial judge within thirty days from the adjournment of the court or the date of the decision in chambers. . . By the Civil Code, § 6153 [6-903], 'fast bills of exceptions' must be tendered within twenty days of the judgment complained of. It would seem, as a limit of time for tendering a main bill of exceptions is fixed by statute, that the statute implied a like limitation upon cross-bills." So it would seem, under the holding in the *Roberts* case, that a cross-bill of exceptions in an ordinary equitable case asking no extraordinary relief should be dismissed because it was not presented within thirty days from the date of service of the main bill, and that where the action is a proceeding to obtain an interlocutory injunction, the filing of the main bill, and likewise the cross-bill, must follow the rule laid down in § 6-903; and consequently the cross-bill of exceptions in this case, having been certified more than twenty days after service of the main bill, came too late, and must be dismissed.

Error is assigned on the refusal to grant an interlocutory injunction, but upon a careful review of the record, as disclosed by the statement of facts, we can not hold that the chancellor abused his discretion in passing upon the credibility of the evidence adduced on the hearing; nor can we say that under the circumstances of the case, and the failure on the part of the plaintiff to allege or attempt to show that the defendants were insolvent, the plaintiff has carried the burden of showing that his losses, if any, were irreparable in damages.

*Judgment affirmed on the main bill of exceptions. Cross-bill dismissed. All the Justices concur.*