## MOON *v.* CLARK *et al.*

No. 13671.   APRIL 16, 1941.

50

*Noah J. Stone, Mortimer H. Freeman, Irving R. Church,* and *Fred Stout,* for plaintiff.

*Ralph R. Quillian, W. Neal Baird, Neely, Marshall & Greene, Powell, Goldstein, Frazer & Murphy,* and *James K. Rankin,* for defendants.

DUCKWORTH, Justice. There is no evidence to support the allegations of combination and conspiracy. The remaining complaint is based upon the alleged public nuisance resulting in private injury to the plaintiff. "Generally, a public nuisance gives no right of action to any individual. If a public nuisance shall cause special damage to an individual, in which the public do not participate, such special damage shall give a right of action." Code, § 72-103. A public nuisance is one which damages all persons who come within the sphere of its operation. It may vary in its effect upon individuals. *Gullatt* v. *State, ex rel. Collins,* 169 *Ga.* 538 (3) (150 S. E. 825). In order for an individual to abate a public nuisance it is necessary that he show special damages. *Ison* v. *Manley,* 76 *Ga.* 804; *Savannah, Florida & Western Railway Co.* v. *Gill,* 118 *Ga.* 737 (45 S. E. 623); *Sammons* v. *Sturgis,* 145 *Ga.* 663 (89 S. E. 774). A court of equity will not enjoin the mere violation of a criminal law. *Dean* v. *State,* 151 *Ga.* 371 (106 S. E. 792, 40 A. L. R. 1132); *Warren Co.* v. *Dickson,* 185 *Ga.* 481, 485 (195 S. E. 568). The grant of an interlocutory injunction rests in the sound discretion of the judge. Code, § 55-108. Before the Supreme Court will interfere, an abuse of discretion in granting or refusing an injunction must be manifest. *Moses* v. *Flewellen,* 42 *Ga.* 386; *Voyles* v. *Carr,* 173 *Ga.* 627 (160 S. E. 801); *Holland Pecan Co.* v. *Brown,* 177 *Ga.* 525 (170 S. E. 357); *Vickers* v. *Gainesville,* 177 *Ga.* 793 (171 S. E. 299); *Reagin* v.

*Harrison,* 181 *Ga.* 742 (184 S. E. 321). If the evidence is in conflict, such judgment will not be reversed. *Bowman* v. *Darby,* 181 *Ga.* 103 (181 S. E. 584) ; *Frederick* v. *McCleskey,* 182 *Ga.* 468 (185 S. E. 722) ; *Dickson* v. *Warren Co.,* 183 *Ga.* 746 (189 S. E. 839) ; *Jeanes* v. *William Prescott Turpentine Co.,* 185 *Ga.* 91 (194 S. E. 746).

There was evidence to the effect that the business of petitioner had decreased considerably since defendants began the methods of operating complained of, that customers of petitioner had left him and gone to one of the defendants, and that prospective customers had inquired of petitioner if he gave premiums with purchases. Without deciding whether this evidence would have authorized a finding that petitioner was suffering injury not common to the public as a result of business methods of defendants, it is sufficient to say it did not demand such a finding; hence no abuse of discretion is shown. Since by this ruling the judge was authorized to find that petitioner was not injured as the law requires before a public nuisance will be enjoined on the petition of an individual, it becomes unnecessary to decide, and we do not decide, the question as to whether the business methods practiced by defendants constitute a public nuisance. The judgment complained of was authorized by the evidence.

*Judgment affirmed. All the Justices concur.*