## ASSOCIATED MUTUALS INC. *v.* COE *et al.*

No. 14536.   JUNE 10, 1943.   REHEARING DENIED JULY 9, 1943.

438

*James J. Slaton,* for plaintiff.

*Neely, Marshall & Greene,* for defendants.

REID, Chief Justice.   1.   In the circumstances appearing in the foregoing statement of facts the judge on interlocutory hearing entered the following order: "In the contract between plaintiff and

defendant Coe it is provided that, for two years after the termination of the defendant Coe's employment with plaintiff, defendant is prohibited in five specific particulars from interfering with the business of plaintiff. The contract dose not prohibit the defendant Coe from entering into the same or a similar business; and although it prohibits defendant Coe from doing five specific acts, it does not prohibit him from writing insurance for one who is a policyholder of the plaintiff, where such insurance has expired, or is canceled by the policyholder, and might be voluntarily offered without solicitation on the part of the defendant Coe. The court is of the opinion that a visit to a policyholder of the plaintiff (whom defendant Coe knows to be such, because of his employment by plaintiff) by defendant Coe in company with some agent of the other defendants, when business is solicited by such other agent, constitutes indirect solicitation of business within the meaning of subparagraphs (a) and (b) of the second paragraph of the contract, even though defendant Coe should not himself solicit any. business while on such visit. Until further order of court defendant Coe is restrained and enjoined from accompanying any agent of the defendants herein while such agent solicits business from any one whom defendant Coe knows to be a policyholder of plaintiff by reason of his employment. The court is of the opinion that the contract does·not prohibit defendant Coe from quoting rates or furnishing other information to policyholders of the plaintiff, whom defendant knows to be such by reason of his employment by plaintiff, who first have voluntarily asked defendant Coe to quote such rates or furnish such information; and said defendant is not restrained or enjoined from such acts. Said defendant is restrained and enjoined from quoting rates or furnishing information to a policyholder of plaintiff whom he knows to be such by reason of his employment by plaintiff, unless such policyholder has first voluntarily·requested said defendant to quote such rates or furnish such information. The court is of the opinion that the contract does not prohibit defendant Coe from writing either new insurance, or replacement insurance where the same has expired or been canceled, for a policyholder of the plaintiff whom·he knows to be such by reason of his employment by plaintiff, if such policyholder voluntarily requests defendant·Coe to. write or furnish such new or replacement insurance; and said defendant Coe is not restrained or enjoined from doing· such acts. No injunction is entered against defendants 'Burtzloff, American

Mutual Liability Insurance Company of Boston, Allied American Mutual Fire Insurance Company of Boston, and American Policy-holders Insurance Company of Boston. It appearing from the evidence that the record books referred to in paragraph 11 of plaintiff's petition have already been delivered to plaintiff, no order is entered with respect to such record books."

There is no cross-bill of exceptions, and the validity of the contract as treated by the court is not here brought into question. That being stated, we find nothing wrong with this order, certainly nothing that would constitute reversible error. Where evidence on such an interlocutory hearing is in conflict or in doubt, the judgment will not be reversed for granting or refusing or partially granting or refusing an interlocutory injunction, unless it appears that the judge has acted arbitrarily or unless it is clear that he has abused his discretion. "The grant of an interlocutory injunction rests in the sound discretion of the judge. Code, § 55-108. Before the Supreme Court will interfere, an abuse of discretion in granting or refusing an injunction must be manifest." *Moon* v. *Clark*, 192 *Ga.* 47, 50 (14 S. E. 2d, 481), citing *Moses* v. *Flewellen*, 42 *Ga.* 386; *Voyles* v. *Carr*, 173 *Ga.* 627 (160 S. E. 801); *Holland Pecan Co.* v. *Brown*, 177 *Ga.* 525 (170 S. E. 357); *Vickers* v. *Gainesville*, 177 *Ga.* 793 (171 S. E. 299); *Reagin* v. *Harrison*, 181 *Ga.* 742 (184 S. E. 321). "In hearings upon applications for interlocutory injunctions, where the evidence upon material issues of fact is in conflict, the grant or refusal of applications is within the discretion of the chancellor, and the exercise of his discretion in granting or refusing the relief prayed for will not be controlled unless manifestly abused." *Sapp* v. *Ritch*, 169 *Ga.* 33 (149 S. E. 636). "If the evidence is in conflict, such judgment will not be reversed." *Moon* v. *Clark*, supra, citing *Bowman* v. *Darby*, 181 *Ga.* 103 (181 S. E. 584); *Frederick* v. *McCleskey*, 182 *Ga.* 468 (185 S. E. 722); *Dickson* v. *Warren Co.*, 183 *Ga.* 746 (189 S. E. 839); *Jeanes* v. *William Prescott Turpentine Co.*, 185 *Ga.* 91 (194 S. E. 746). The Supreme Court can not and should not supervise or direct pending litigation. The present case is a typical one where under our system only a jury can finally pass upon the facts; and unless substantial error appears in interlocutory phases of the case, the judge of the superior court will be left free to give it direction until final judgment.

*Judgment affirmed. All the Justices concur.*