RAILWAY EXPRESS AGENCY INC. *v.* COOK, revenue commissioner.

No. 14989. JANUARY 5, 1945.

716

Alston, Foster, Sibley & Miller, Francis G. Jones, and Mitchell & Mitchell, for plaintiff. T. Grady Head, attorney-general, and Claude Shaw, assistant attorney-general, for defendant.

JENKINS, Presiding Justice. This court has already passed upon the constitutionality of the license tax imposing a different and higher rate upon the use of motor vehicles by a common carrier or by some other person using them for hire than the rate when using them in connection with such carrier's or person's own private business. Not only the legality, but the reason and justice of such a differentiation, was set forth in Dixie-Ohio Express Co. v. State Revenue Commission, 186 Ga. 228 (197 S. E. 887). No such question is now before us. The only question here presented is how, under the agreed statement of facts, the trucks operated by the express company should be classified; that is, whether their owners should be taxed on the basis of operating them as private trucks or as operating them in the conduct of their business as common or contract carriers. An express company is a common carrier. As such the Public Service Commission has regulatory authority over it in determining what shall be its just and reasonable rates and charges. In performing this function, the commission could hardly do more than fix rates from the point of origin to the point of destination of the shipment. It would seem wholly impracticable, in making such a schedule, for it to take into account the particular residence or place of business from which or to which the shipment would go. If, however, the carrier, for reasons satisfactory to itself, inaugurates a designated and restricted "pick-up and delivery service," and thus, and to such extent, extends the precise point of origin and the precise ultimate point of destination, we know of no reason why such procedure would be violative of the rules set forth by the Public Service Commission of this State, especially where it appears that the Commission has given its implied approval by taking official cognizance of the practice, and has entered an order regulating how and in what manner notice of such practice should be given to the public. See Standing Rule No. 13 of the Public Service Commission. The

position of the complainant, that in rendering this "pick-up" or "delivery" service the company uses its trucks, not in its capacity as a common carrier, but in a private capacity and as a gratuity, would necessarily seem to imply that the goods could not be taken as having been delivered to the carrier when "picked up," and that the company while in the performance of this service, as a gratuitous volunteer, would not be accountable to the shipper for that degree of diligence in the handling of the shipment which the law imposes upon a public carrier. As thus tested, the complainant's position would appear untenable, and it would seem that, when a common carrier offers an additional benefit to its customers which is directly connected with the purpose and object of the particular business in which it is engaged, and when with the approval of the Public Service Commission it continues to hold out such offer as an inducement for patronage in its competitive business, such additional service must be taken as being rendered by the common carrier as a common carrier, and not by the common carrier as a mere gratuitous volunteer. This clearly appears to have been the view of the Supreme Court of New York in Spears v. Lake Shore & Mich. Sou. R. Co., 67 Barb. (N. Y.) 513, wherein the court said: "An essential characteristic of a common carrier is that the services performed must be for hire . . nor is it necessary that compensation be provided for under an express or implied agreement to pay for the particular service. If the transportation is a part of an undertaking on the part of the carrier, for which there is a valid consideration, it will be a carriage for hire, although it is agreed that, in connection with the general advantage resulting to the carrier from the entire transaction, this particular part of the service is to be rendered without charge." Our own court in a somewhat analogous situation has dealt with the "gratuity" aspect of such a service, and in Reagin v. Harrison, 181 Ga. 742 (184 S. E. 321), said: "A motor common carrier cannot transport for hire from one point to another within the State of Georgia cases containing bottles full of beer, and transport the empty bottles and cases containing them back to the shipper, 'as a courtesy.' Both shipments are subject to the mileage tax prescribed in the Code of 1933, § 92-2909." In that case the court used this language: "It is very clear that the carrier cannot escape the mileage tax upon the ground that the empty bottles were trans-

ported merely as a courtesy. In such a case courtesy must bow and gracefully do obeisance to the law." It thus appears that in a situation as outlined in this case it is the entire transportation conducted by the express company that controls the rate to be charged. Whether the commission in fixing the rates from city to city, while recognizing by its rules the "pick-up and delivery service," would or would not in the absence of such recognized additional service have fixed other and different rates, seems beside the mark. The rule we have stated might well be different were the service here involved one which did not constitute a direct ingredient of the particular business in which the common carrier is engaged, that is, the transportation of freight. Where the delivery of goods is purely incidental to an altogether different and independent business such as delivery by a merchant of goods sold to a customer, it might well be reasoned that in such case the truck making the delivery was a private truck and the merchant in making the delivery was not a "common or contract carrier for hire." See Collins-Dietz-Morris Co. v. State Corporation Commission, 154 Okla. 121 (7 Pac. 2d, 123, 80 A. L. R. 561), so holding, cited by the trial judge in the opinion accompanying the judgment.

It must be conceded that the question has presented some difficulty by reason of certain language used by the Interstate Commerce Commission in Railway Express Agency Inc., Determination of Status, 21 M. C. C. 161. It is true that the Interstate Commerce Commission was not dealing with the question now before us, but, as pointed out in the order of the trial judge in the instant case, "the question there dealt with was one of jurisdiction of the commission, and under which class of carriers, over which it had jurisdiction, the pick-up and delivery service maintained by the petitioner falls, whether under the class of common carriers by rail, or the class of common carriers by motor vehicle; and the ruling there made that the pick-up and delivery service was incidental to and an integral part of the carriage by rail, for the purpose of determining jurisdiction, is an entirely different proposition from the question here involved." The Interstate Commerce Commission did, however, in determining a question of jurisdiction, use this language: "As for such pick-up and delivery service, we have seen that it has always been regarded as a necessary in-

cident or phase of express service by railroad or partly by railroad and partly by water, and that the tendency has been to extend it. The distinguishing feature of such service which marks the dividing line between it and over-the-road transportation is, we believe, that it is rendered free, in the sense that no charge is made for it in addition to the line-haul rate." 21 M. C. C. 161, 188 (supra). While holding great respect for any opinion or reasoning which the Interstate Commerce Commission might express, we do not think, as has been already shown, that the service can properly be accounted gratuitous, nor do we think that, where, as here, the service pertains to and slightly extends, with the approval of the Public Service Commission, the particular business in which the company is engaged, to wit, the transportation of commodities, this service could properly be designated as a mere incident to its business, such as might well be true where a merchant delivers goods sold to a customer. It is our opinion that the judgment entered by the court below is sound, and it is therefore

*Affirmed. All the Justices concur.*