DERISO *et al.* *v.* CASTLEBERRY.

CANDLER, Justice. 1. The remedy of injunction is available to restrain a landlord from interfering with the possession of his tenant during the tenancy, when the damages are of such a nature as to be incapable of accurate computation. *Anthony Shoals Power Co.* v. *Fortson*, 138 *Ga.* 460 (4) (75 S. E. 606); 32 Am. Jur. 227, § 243.

2. A contract creating the relation of landlord and tenant for any time not exceeding one year, though made before the year begins, may be by parol. Code, § 61-102; *Steininger* v. *Williams*, 63 *Ga.* 475.

3. The grant or denial of a temporary injunction rests in the sound discretion of the judge, according to the circumstances of each case (Code, § 55-108); and, where the evidence is conflicting, his decision will not be controlled by this court unless it is apparent that he has abused the discretion which the law gives him. *Sapp* v. *Ritch*, 169 *Ga.* 33 (3) (149 S. E. 636); *Traylor* v. *Peoples Bank of Carrollton*, 179 *Ga.* 895 (3) (177 S. E. 702); *Jones* v. *Lanier Development Co.*, 188 *Ga.* 141, 145 (2 S. E. 2d, 923). In the instant case, the judge was authorized to find from the evidence, though conflicting, that the tenant-lessee made an offer to rerent the farm in question for the year 1947 upon the same terms as those for the year 1946; that the owner-lessor agreed to either accept or reject the offer by October 1, and to notify the tenant by that date in the event he desired to reject the offer; and that the tenant properly concluded from the lessor's silence that he had accepted the offer to continue the relation of landlord and tenant, according to pre-existing terms, for the year 1947.

4. The lessor in the instant case having assumed a duty to notify the tenant on or before October 1, 1946, in the event he did not wish to accept the tenant's proposition to rent for 1947, and the tenant having relied upon his silence as an acceptance of the tenant's offer to the extent that the tenant would suffer substantial injury, the lessor would be thereafter estopped to deny the existence of a rental contract. 12 Am. Jur. 533, § 40; 17 C. J. S. 375, § 41 (e).

5. Since it can not be said as a matter of law that the judge abused the discretion vested in him in granting the temporary injunction complained of, his decision will not now be controlled by this court.

*Judgment affirmed. All the Justices concur.*

No. 15752. APRIL 19, 1947.

*Claude N. Morris* and *H. B. Williams,* for plaintiffs in error.
*Dykes & Dykes,* contra.