22047. ALLEN et al. v. CITY OF ATLANTA.

QUILLIAN, Justice. The issue presented in this case is whether the trial judge erred in denying the plaintiff's prayers for an interlocutory injunction.

The action arose when Mrs. A. B. Allen and W. H. Giles brought their respective suits against the City of Atlanta seeking damages, attorney's fees and equitable relief in the form of a temporary and a permanent injunction, alleging that the city was maintaining a continuing nuisance.

The allegations of the petition briefly were: that the city by its negligent construction and maintenance of its drainage system was discharging large amounts of surface water upon the lands of the plaintiffs; that a change in the natural flow of the surface water had been caused solely by the city in installing certain paving and curb lines; that, as a result,

whenever it rains extensive damage has been occasioned by the flow of waters and by the consequent ponding of waters after the rains subside; that damage to the plaintiffs' houses and property values have resulted.

The evidence adduced on the hearing for interlocutory injunction was substantially as follows: the plaintiffs' lands lie in DeKalb County within the City of Decatur; just west of their lands is the boundary line between the City of Atlanta and the City of Decatur; in 1952 the City of Atlanta had completed paving Mellrich Avenue which lay west of and above the lands of the present plaintiffs and within DeKalb County; that in so doing the city had left a gap in the curbing where a proposed but yet unopened street was to be built; that this gap, some twenty feet in width, received the drainage of surface waters from the area of Mellrich Avenue and that the water flowed down the unopened street and onto the lands of the plaintiffs; that the said lands of the plaintiffs were in a low pocket and were the natural recipients of the drainage from the surrounding lands.

The defendant city elicited testimony, both from their own expert witness and from cross-examination of the plaintiffs' witnesses, that the City of Decatur maintained a drainage pipe running under the plaintiffs' lands; that such "storm sewer" had several catch basins feeding into it, one of which was on the land of the plaintiff Giles. It was further brought out that the "storm sewer" was at least partially stopped up near the entrance and that it ran right under a portion of the plaintiff Mrs. Allen's lands where a hole was complained of; that the plaintiff's husband had filled the hole up with some 6 and ½ yards (one truck load) of concrete and numerous loads of dirt; that about this time the plaintiff Giles began to have trouble with his property being flooded.

The plaintiff Giles testified that he bought his property in 1958. The plaintiff Mrs. Allen testified that she acquired her property in 1959. Both had tenants on their land and neither received complaints until 1960. Mrs. Allen's husband conceded that the concrete and loads of dirt which he had poured into the hole had done no good; the defendant's expert witness pointed out that the hole on the Allen land indicated that the "sewer line" was broken and his investigation revealed that the pipe was partially stopped up; that in his

opinion the flooding was caused by a combination of both; the plaintiffs' expert witness admitted that pouring concrete into the hole "might seal it up" (referring to the break), and when poured into the sewer itself "would tend to reduce the flow of water"; that the "swirling down" of waters would suggest a break at that point in the drainage sewer beneath the surface. Further, the expert witness testified in answer to the question, "and the thing that caused the trouble was the fact this sewer isn't doing the job?": "That's right, it is either too small or inadequate." *Held:*

Although the plaintiffs proved some of the allegations of their petition without any rebuttal testimony being offered, there was a conflict as to a material issue of the case, that is: upon whom did the responsibility for the unquestioned water damage to the lands of the plaintiffs rest? The plaintiffs introduced evidence that water draining down Mellrich Avenue, thence over the unopened street and onto their lands was the cause of the damage sustained. This was disputed and contradicted by the defendant who brought forth evidence that the cause of such damage was a faulty or clogged drainage sewer, maintained by the City of Decatur, that would not accommodate the flow of surface waters. However, disregarding on whose side the preponderance of evidence lies, this court will reverse only where there is no evidence to support the order. "The granting and continuing of injunctions always rests in the sound discretion of the trial judge, according to the circumstances of each case. *Code* § 55-108. The refusal to grant an interlocutory injunction, not appearing to have been dependent upon questions of law only, but also upon material questions of fact, will not be interfered with by this court where it appears that there was conflict in the evidence on the issues of fact. . . Where the right of the plaintiff is in doubt, the grant or refusal of an injunction on conflicting evidence is within the discretion of the court." *Loadman v. Davis,* 210 Ga. 520, 522 (81 SE2d 465), and cases cited. See *Moses v. Flewellen,* 42 Ga. 386, 389; *Moon v. Clark,* 192 Ga. 47, 50 (14 SE2d 481); *Ballard v. Waites,* 194 Ga. 427, 429 (1) (21 SE2d 848); *Associated Mutuals, Inc. v. Coe,* 196 Ga. 435, 440 (26 SE2d 450); *Deriso v. Castleberry,* 202 Ga. 174 (3, 5) (42 SE2d 356).

Hence, upon careful examination of the brief of evidence, we can

not say the trial judge abused his discretion in denying the interlocutory injunction.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 14, 1963—DECIDED MAY 29, 1963.

*Fred W. Kerr, Jr., Charles D. Wheeler,* for plaintiff in error. *Newell Edenfield,* contra.

*Judgment affirmed. All the Justices concur.*