22758. CARPENTERS LOCAL UNION NO. 3024 v. UNITED
BROTHERHOOD OF CARPENTERS & JOINERS
OF AMERICA et al.

ARGUED JANUARY 12, 1965—DECIDED FEBRUARY 4, 1965.

*Robert L. Mitchell,* for plaintiff in error.
*Adair, Goldthwaite & Stanford,* contra.

ALMAND, Justice. Error is assigned on the order of the Superior Court of Fulton County denying plaintiff's prayers for a temporary injunction. The sole assignment of error is on the ground that the trial judge abused his discretion because the order denying the temporary injunction is without evidence to support it.

This case commenced when Carpenters Local Union No. 3024 (hereinafter referred to as plaintiff) filed their petition in the Superior Court of Fulton County against the United Brotherhood of Carpenters and Joiners of America (hereinafter referred to as United Brotherhood) and Carpenters Local Union No. 225 (hereinafter referred to as Local Union No. 225). The essential allegations of count 1 of the amended petition were as follows: that plaintiff and Local Union No. 225 were both chartered by the United Brotherhood; that plaintiff's charter was granted in 1961 and prior to that time the members of the plaintiff union were members of Local Union No. 225; that plaintiffs and defendants agreed that plaintiff's work jurisdiction would include certain dry wall construction; that plaintiff submitted its constitution and working rules to the United Brotherhood and that the said United Brotherhood approved them; that the working rules gave plaintiff jurisdiction of the work in controversy and pursuant to

said claim, the United Brotherhood passed an order awarding jurisdiction over the work in dispute to Local Union No. 225; that plaintiff has a valid contract with the United Brotherhood assigning the disputed work to it and the United Brotherhood is attempting to breach its contract with plaintiff. In count 2 of the petition it was alleged: that in accord with the above mentioned order of the United Brotherhood, Local Union No. 225 has stated to the members of the plaintiff union that they must pay a monthly fee to Local Union No. 225 in order to work on the dry wall construction in controversy "and that if said fees were not paid upon demand for the privilege of working that it would cause a work stoppage or strike"; that said action constitutes a violation of the Georgia Right to Work Laws—specifically *Code Ann.* §§ 54-804, 54-902, 54-903 and 54-905 (Ga. L. 1947, pp. 616-621). The prayers were: for temporary and permanent injunctions barring the United Brotherhood from breaching its contract with plaintiff; for temporary and permanent injunctions enjoining Local Union No. 225 from inducing the United Brotherhood to breach its contract with plaintiff; and for temporary and permanent injunctions enjoining Local Union No. 225 from requiring plaintiff or any of its members to pay any fees to Local Union No. 225 for the privilege of working in the State of Georgia. The defendants filed their answer denying that the plaintiff union had jurisdiction over the dry wall construction in question. In their answer to count 2 of the petition, the defendants asserted that the only fee sought from members of the plaintiff union was a fee to cover the cost of collective bargaining done by Local Union No. 225. They went on to explain the assessment this way: "Members of one local union may work within the jurisdiction of another local union as necessary. In order to defer the expense of collective bargaining and policing the collective bargaining agreements and of servicing the needs of an employer, it is customary for the members of one local union to pay a working assessment when they work within the collective bargaining jurisdiction of another local union or to transfer their membership and pay the regular membership dues of the local, thus equitably deferring the expense of collective bargaining through the persons who are directly

benefiting in their work from the working conditions established through collective bargaining." Local Union No. 225 denied that it had stated to plaintiff that it intended to cause a strike if the above mentioned fees were not paid.

1. From the summary of the pleadings given above, it appears that two points were in issue: (1) whether there was a valid contract giving the plaintiff union jurisdiction over the work in question; (2) whether defendants threatened to cause a strike in violation of the Georgia Right to Work Laws. There was a conflict in the evidence on both these points.

(a) On the issue of jurisdiction over the work in question, the plaintiff sought to show that the approval of its charter and working rules by the United Brotherhood had the effect of giving plaintiff jurisdiction over the dry wall construction. However, Henry W. Chandler, a member of the General Executive Board of the United Brotherhood, representing District Four, testified: that the United Brotherhood "inspects the rules only with respect to conflicts with the General Constitution and Laws of the Brotherhood and makes no investigation as to possible conflict between one set of working rules with those of another local union or as to conflicts with the jurisdiction of another local union of the Brotherhood"; that plaintiff did not submit its charter or working rules to Local Union No. 225 for approval and that it was customary to do so; that he had made a personal investigation in his official capacity as a member of the General Executive Board of the United Brotherhood and found that the plaintiff union did not have jurisdiction over the dry wall construction in controversy. This was sufficient evidence from which the trial court could conclude that there was no valid contract giving the plaintiff union jurisdiction over the dry wall construction in controversy.

(b) In regard to a violation of the Georgia Right to Work Laws, the plaintiff alleges that Local Union No. 225 has announced its intention to demand fees from the members of plaintiff union and has stated that it will cause a strike if such fees are not paid. While there was evidence adduced at the hearing to support these allegations, there was also testimony by E. C. Hamilton, the business representative of Local Union No. 225,

that his union had never threatened to strike over the assignment of dry wall construction and that the union's own working rules prohibited strikes over jurisdictional disputes. This was sufficient evidence from which the trial court could find that Local Union No. 225 had not threatened to strike in violation of the Georgia Right to Work Laws.

The evidence being in conflict, the court did not err in denying the temporary injunction. *Code* § 55-108; *Johnson v. Southern States Phosphate &c. Co.*, 163 Ga. 98 (135 SE 435); *Jeanes v. William Prescott Turpentine Co.*, 185 Ga. 91 (194 SE 746).

*Judgment affirmed. All the Justices concur.*