22230.   COLLIER, administrator, *v.* CITY OF BARNESVILLE.

Decided June 14, 1932.   Rehearing denied July 11, 1932.

*Beck & Beck,* for plaintiff in error.   *Claude Christopher,* contra.

Luke, J.   By an act of the General Assembly, approved July 30, 1927 (Ga. L. 1927, p. 888), the City of Barnesville was authorized to pave its streets. Having passed the required enabling ordinances, the city council, upon the petition of property owners, proceeded to pave Thomaston street, and to that end passed certain ordinances and resolutions. These ordinances and resolutions were adopted in violation of a former ordinance requiring all ordinances to be introduced at a regular meeting or adjournment thereof, and to be acted upon at the next regular meeting, or adjournment thereof,

unless action should be postponed by council. Not only was Thomaston street paved, but water-mains and a sanitary-sewer system were installed thereunder, and the entire cost thereof was included in the assessments against the property owners. J. C. Collier, as administrator of the estate of Mrs. R. E. Stevens, deceased, paid the first installment of the assessment against a parcel of abutting property belonging to that estate; but, on ascertaining that the ordinances had been adopted as hereinbefore stated, and that the cost of the water and sanitary-sewer system had been included in the assessment, he refused to make further payment; whereupon the city caused an execution to be issued and levied for the second installment of the assessment. An affidavit of illegality was interposed to this execution, and the questions arising thereon were submitted to the court for determination, without the intervention of a jury, upon an agreed statement of facts. The court overruled the affidavit of illegality, and ordered that the execution proceed, and to that judgment the defendant excepted.

The writ of error was brought to the Supreme Court, but the case was transferred to this court for the reason that the only ground of defense set up in the affidavit of illegality, an adverse ruling upon which would confer jurisdiction upon the Supreme Court, had been abandoned by the defendant in the court below; and that, therefore, the Supreme Court was without jurisdiction to pass upon the writ of error.

1. The first ground of the affidavit of illegality,—that the city did not acquire jurisdiction to pave Thomaston street, for the reason that no preliminary resolution declaring such paving necessary was adopted and published as required by the law (section 3 of the act of July 30, 1927), and that the property owners did not petition the mayor and council for the improvement as required by that section,—is not insisted upon in the brief of counsel for the plaintiff in error, doubtless for the reason that the record discloses that the proceedings looking to the paving of the street in question were in fact initiated by such a petition as was required by the act of the General Assembly referred to.

2. The second ground avers that the ordinance adopted by the mayor and council in relation to the paving was not in accordance with the prayer of the petition and the resolution adopted in conformity therewith. In connection with this ground it was urged

that the city was without jurisdiction to levy an assessment for the cost of a water and sanitary-sewer system, as part of the improvement, against the abutting property. The learned trial judge held that there was no merit in this contention, for the reason that the affiant failed to interpose any objection to the proceedings until after the paving had been completed and after the affiant had paid one installment of the assessment,—and this notwithstanding that the preliminary resolutions and ordinances were adopted and passed; that notice of the appointment of assessors was published and given as required by law and the assessment had been actually laid; and that the affiant, in his individual right as an abutting property owner, had signed the petition to the mayor and council, praying that the street be paved. In support of this view, the following cases are cited: *City of Marietta* v. *Kyle,* 40 *Ga. App.* 96 (149 S. E. 54); *City of Bainbridge* v. *Jester,* 157 *Ga.* 505 (3) (120 S. E. 798, 33 A. L. R. 1406); *Raines* v. *Clay,* 161 *Ga.* 574 (131 S. E. 499); *Mayor &c. of Montezuma* v. *Brown,* 168 *Ga.* 1 (14, 15) (147 S. E. 80); *Edwards* v. *Atlanta,* 168 *Ga.* 227 (147 S. E. 524); *Montgomery* v. *Atlanta,* 162 *Ga.* 534 (134 S. E. 152, 47 A. L. R. 233). From our examination of these authorities we are convinced that the ruling of the trial judge is correct in this particular.

3. The third ground avers that the resolution or ordinance purporting to authorize the paving in question was introduced and adopted and approved at one and the same meeting of the city council, in violation of an existing ordinance requiring all new ordinances to be introduced at a regular meeting or at one adjourned therefrom, and acted upon at the next regular meeting or at one adjourned therefrom, unless action thereon is postponed by the council, and that, therefore, the resolution or ordinance referred to is invalid. It seems to be conceded in the brief for the plaintiff in error that the Supreme Court refused to sustain a similar contention in the case of *South Georgia Power Co.* v. *Baumann,* 169 *Ga.* 649 (supra). It is quite clear to us that the decision in that case is controlling in this instance.

The fourth and fifth grounds are in effect the same as the third, in no wise differing with respect to the legal question raised, but differing only with respect to the particular ordinance or resolution to which these grounds refer. Of course, under the ruling in the *Baumann* case, supra, neither of these grounds can be sustained,

The sixth ground was abandoned, and, since the seventh ground is not referred to in the brief for the plaintiff in error, this ground also will be so regarded.

We perceive no error in the judgment of the trial court that the affidavit of illegality be overruled and that the execution proceed to final collection.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*