18630. NEWMAN et al. v. ALDREDGE, Commissioner, et al.

CANDLER, Justice. The plaintiffs, alleging themselves to be citizens, taxpayers, and registered voters of Fulton County, instituted an equitable suit against the defendants, as the governing body of Fulton County, and by their petition as amended prayed that the defendants in their respective official capacity be restrained and permanently enjoined (1) from violating specified penal statutes of Georgia, and (2) from using convicts to fill designated classified civil-service positions in the county, namely, Equipment Operators, Utility Workers, and Prison Camp Clerk. The amended petition was dismissed on general demurrer and the exception is to that judgment. Held:

1. "Equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain or obstruct them." Code § 55-102. See Moon v. Clark, 192 Ga. 47, 50 (14 S. E. 2d 481).

2. Fulton County has statutory authority to use its quota of convicts for the purpose of constructing and maintaining its system of public roads, and it may also legally use convict labor for the purpose of doing any necessary work in or about its public-works camps (Code, Title 77); and a convict when so used is not an employee of the county coming within the meaning of the words "Classified Employees" as they are defined by section 2 (7) of Fulton County's civil-service act of 1943 (Ga. L. 1943, p. 971). Hence, the amended petition failed to state a cause of action for the relief sought, and the court did not err, as contended, in dismissing it on general demurrer.

Judgment affirmed. All the Justices concur; Head, J., concurs in the judgment only.

ARGUED JUNE 16, 1954—DECIDED JULY 13, 1954.

*Robert Carpenter, Ferrin Y. Mathews,* for plaintiffs in error.
*Harold Sheats, Durwood T. Pye, E. A. Wright,* contra.