18741. ORR *et al. v.* HAPEVILLE REALTY INVESTMENTS, INC., *et al.*

Argued September 17, 1954—Decided November 8, 1954—Adhered
to on rehearing December 2, 1954.

*Merrell H. Collier, Henry L. de Give,* for plaintiffs in error.

*Robert B. Troutman, Robert H. Jones, Edgar A. Neely, Jr., J. Richard Bowden,* for parties at interest not parties to record.

*Heyman & Abram, J. J. Fine, J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, Henry L. Bowden, Martin McFarland, Newell Edenfield,* contra.

HEAD, Justice. ■ The plaintiffs attack as unconstitutional and void the act of the General Assembly of 1952 (Ga. L. 1952, p. 2731). The 1952 act amends a general law approved January 31, 1946 (Ga. L. 1946, p. 191-203), authorizing municipalities of this State adopting the provisions of the act to enact zoning and planning ordinances and regulations. The amendment provides that it "shall apply to all municipalities having a population of more than 300,000, according to the United States census of 1950 or any future United States census"; and that in municipalities having a population of more than 300,000 by the 1950 or any future census, two members of the municipal planning board shall be appointed by the commissioners of roads and revenues or other governing authority of the county in which the municipality is located; and should the municipality lie in more than one county, the two members shall be appointed by the governing authority of the county in which the larger portion

of the population is located. The amendment further provides that, in municipalities of 300,000 or more, two members of the board of adjustment shall be appointed by the commissioners of roads and revenues in like manner. Two additional sections were added, applying to municipalities of 300,000 or more, with reference to hearing and notice.

The contention is made by the plaintiffs that the 1952 act, amending the general law of 1946, is a special law, and that an attempt to amend a general law by a special law is void. It is further contended that no notice was published of intention to apply for the passage of the 1952 act as a special law, and that it is void for this reason.

In *Abbott* v. *Commissioners of Fulton County*, 160 *Ga.* 657 (129 S. E. 38), it is pointed out that this court has held in a number of cases that a classification upon the basis of population is a reasonable and natural classification where it is adjusted to the purpose or subject matter of the legislation. In the *Abbott* case it was held that a classification applying to all counties having a population of 200,000 inhabitants or more by the 1920 census, or any future census, did not violate the Constitution (art. I, sec. IV, par. I; Code, Ann., § 2-401), with reference to uniformity. In the *Abbott* case the act related to changing the compensation of certain officers in the classified territory from the fee system to a salary system, and this court held that classification for this purpose was valid.

In *Murphy* v. *West*, 205 *Ga.* 116 (52 S. E. 2d 600), the subject matter of the act was a pension plan for city employees, applying to cities having a population of more than 150,000 according to the census of 1920, or any subsequent census, and this classification was sustained as a general law.

In *Barge* v. *Camp*, 209 *Ga.* 38 (70 S. E. 2d 360), the act under attack applied to counties in which is located a municipality with a population of 300,000 or more according to the census of 1950, or any future census, and the act related to the selection and employment of a police force in the unincorporated areas of such counties. The classification in *Barge* v. *Camp*, supra, was sustained.

The act of 1952 (Ga. L. 1952, p. 2731), under attack in the present case, is open to let in counties that might in the future

have the stipulated population, and to let out others which might fall below the required population. See *Murphy* v. *West*, supra, and *Barge* v. *Camp*, supra. The act of 1952 does not contain restrictions or limitations of a character which would prevent its application to counties other than Fulton. See *Stewart* v. *Anderson*, 140 *Ga.* 31 (78 S. E. 457). A classification for the · purpose of zoning laws or zoning regulations on the basis of population is not in violation of the rule that the classification made must be reasonably germane to population. The exclusion of manufacturing and business enterprises from residential districts, reasonably and equitably done, can well have a direct relation to the health, morals, growth, development, and general welfare of a community. It may expedite local transportation, afford more adequate fire and police protection, and generally limit the dangers incident to congestion and the spread of contagious diseases. The subject matter of zoning is directly related to the number and classes of businesses, commercial enterprises, manufacturing plants, and the number of citizens residing in the community zoned. Applying the rule of reasonableness of classification to the act of 1952, it is not unconstitutional for any reason assigned.

■ The act of 1952 (Ga. L. 1952, p. 2719), repealing the act of 1951 (Ga. L. 1951, p. 3033), which provided for a zoning plan and regulations for the City of Atlanta and Fulton County, provides that the repealing act "shall not be held to repeal any of the planning and zoning ordinances and regulations" then in effect, but that they shall remain in effect until repealed or amended. The general law of 1946 (Ga. L. 1946, pp. 191, 192), adopted and made applicable to the City of Atlanta, requires that zoning regulations "shall be made in accordance with a comprehensive plan." The general law of 1946 would not be inoperative in the City of Atlanta, as contended, because the city may not have adopted a comprehensive plan of zoning since the general law became operative in the city. The continuance of the plan already in effect, until repeal or modification, is sufficient to meet the requirements of the 1946 act with reference to comprehensive planning.

■ The planning board of the city is not an invalid or unconstitutional board under the act of 1952 (Ga. L. 1952, p. 2731).

The trial judge, therefore, in the exercise of his discretion, did not err, as contended, in refusing to enjoin the planning board from considering an application by the defendants to rezone property located in a district zoned for residence and apartment-house uses.

■ The Mayor and Council of the City of Atlanta are limited in the exercise of legislative power for the adoption of ordinances to the powers conferred on them by law. *Mayor &c. of Savannah* v. *Gibson*, 49 *Ga.* 476; *Keen* v. *Mayor &c. of Waycross*, 101 *Ga.* 588, 590 (29 S. E. 42); *Atlanta Ry. &c. Co.* v. *Atlanta Rapid Transit Co.*, 113 *Ga.* 481, 485 (99 S. E. 12); *City of Macon* v. *Walker*, 204 *Ga.* 810, 812 (51 S. E. 2d 633).

In section 9 of the act of 1946 (Ga. L. 1946, pp. 191, 195), it is provided in part: "The governing authority of the municipality, may from time to time, amend the number, shape, boundary or area of any district or districts, or any regulation of, or within such district or districts, or any other provisions of any zoning regulations," etc. Under the above provision of the 1946 act, the Mayor and Council of the City of Atlanta may amend the number of districts zoned, the shape, boundary, or area of zoned districts, and the regulations applicable to any district or districts. The quoted provision of the 1946 act does not confer upon the mayor and council any power to "spot" zone by ordinance, and remove a small tract for business or commercial purposes from a district zoned for residences, and no other provision of the 1946 act confers this power.

If by law any power had been conferred on the Mayor and Council of the City of Atlanta to "spot" zone, the reasonableness or unreasonableness of such zoning would become a question of law for the court to decide. *Howden* v. *Mayor &c. of Savannah*, 172 *Ga.* 833 (159 S. E. 401); *Schofield* v. *Bishop*, 192 *Ga.* 732, 738 (16 S. E. 2d 714). No such question is made in the present case. Under section 10 (2) of the 1946 act, the power to grant a "variance" from zoning regulations is vested in the board of adjustment. The two ordinances purporting to rezone a part of the property of the defendants to "business and open-air parking districts" are ultra vires and void, no such power having been conferred upon the mayor and council.

There having been no valid rezoning of the defendants' property

from residence and apartment uses to business and "open-air parking," the trial court erred in permitting the grading and use of the property designated for open-air parking.

The foregoing rulings are controlling, and it can serve no useful purpose to extend the rulings stated.

*Judgment affirmed in part and reversed in part. All the Justices concur.*