18918. ORR *et al. v.* MOORE, Judge.

MOBLEY, Justice. The petition for mandamus nisi to require Hon. Virlyn B. Moore, Judge of the Superior Court, to certify the bill of exceptions and cause the case of Mrs. Caroline Moore Orr et al. v. Hapeville Realty Investments, Inc. (case number A-43152), Superior Court of Fulton County, Georgia, to be sent to the Supreme Court for review and correction of errors complained of, shows that, after the judgment of the Supreme Court of Georgia in case No. 18741 between said parties (*Orr* v. *Hapeville Realty Investments, Inc., 211 Ga.* 235) was made the judgment of the Superior Court of Fulton County upon remittitur, the defendants filed a motion to dissolve all injunctions and restraining orders in the cause, alleging that new ordinances had been passed by the city; that demurrers were filed to said motion, and that on January 6, 1955, the superior court judge entered an order, to wit: These demurrers are "not passed on as they are not germane as to matter before the court at this time"; that on January 6, 1955, the court entered an order dissolving all restraining orders issued in this case by Judge Jesse M. Wood and Judge Virlyn B. Moore, including the orders of May 31, 1954, June 19, 1954, July 2, 1954, and July 22, 1954; that on February 1, 1955, the court entered an order clarifying its order of December 28, 1954, taxing the costs as follows: "Provided, however, that nothing herein shall be construed to tax the plaintiffs, Caroline Moore Orr, et al., more than once for any of the costs in this court or any of the costs of the appeal"; and that on January 31, 1955, the court entered an order nunc pro tunc to wit: "The court on its own motion, for the purpose of clarification of its order of January 6, 1955, hereby amends said order by adding the following: 'Said order shall not be construed to authorize the defendants to erect or construct on the premises without first complying with all the provisions of the Planning Commission and any city ordinance in effect as to any permits required and uses to which the property may be put"; and finally on February 15, 1955, entered an

order: "The court is of the opinion that the demurrer filed by movants, the plaintiffs in the main case to the motion of the Hapeville Realty Investments, Inc., and Dalon Contracting Co., Inc., should be passed upon before the order dissolving the injunction is passed; and the orders passed dissolving the injunction and assessing the cost, being vacated and set aside at the term at which they were passed, the bill of exceptions tendered is premature, and for this reason the court refuses to certify same."

The effect of the above order of February 15, 1955, was to vacate and set aside the order of the court purporting to dissolve the restraining orders and interlocutory injunction, and the order assessing costs against the petitioners. Since the case, therefore, stands as though there had been no ruling by the trial court, there is nothing for the petitioners to except to, and the court did not err in refusing to sign the bill of exceptions.

> *Mandamus nisi denied. All the Justices concur.*
> DECIDED FEBRUARY 24, 1955.

*Merrell Collier, Henry L. de Give,* for plaintiffs in error.