19033.   TOOMEY *et al.* *v.* NORWOOD REALTY CO., INC.

ARGUED JULY 13, 1955—DECIDED SEPTEMBER 12, 1955.

*Thomas O. Davis, James A. Mackay, W. Dan Greer, Davis & Stringer,* for plaintiffs in error.

*Heyman & Abram,* for parties at interest not parties to record.

*Russell M. Striplin, Curtis V. Tillman, Jule W. Felton, Jr., Crenshaw, Hansell, Ware & Brandon,* contra.

ALMAND, Justice. The plaintiffs, as property owners in an area previously zoned for residential purposes by the Commis-

sioner of Roads and Revenues of DeKalb County, sought by an equitable petition to restrain the defendant, Norwood Realty Company, Inc., from using its properties for commercial purposes. In their petition, the plaintiffs asserted that the rezoning order changing the classification of the properties of the respective parties from residential use to commercial use, filed on December 31, 1954, was void. The defendant in its response contended that the commissioner had amended the zoning resolution by rezoning its properties from residential use to commercial use, and that a permit had been issued to it to construct commercial buildings, and it was in process of clearing the grounds prior to the construction of the buildings. On the hearing for an interlocutory injunction, the trial court, after hearing evidence, refused by order to grant an injunction. The plaintiffs' bill of exceptions assigns error on this order.

Relating to the validity or invalidity of the amended zoning resolution, filed December 31, 1954, the following undisputed facts appear from the record: The properties of the plaintiffs and the defendant were, on petition of more than 51% of owners of property in the area here involved, zoned in 1938 for residential purposes; on June 25, 1946, pursuant to the power delegated by the act of 1943 (Ga. L. 1943, p. 930), the Commissioner of Roads and Revenues of DeKalb County "adopted" (as denominated in the resolution) a comprehensive zoning plan, in which the properties now owned by the plaintiffs and the defendant were zoned for residential purposes. In December 1953, the defendant filed an application with the Planning Commission to amend the zoning resolution by classifying its properties for commercial use. After a hearing, this commission refused to recommend the change in classification. After notice in accordance with sec. 8 of the act of 1943, the commissioner held a public hearing on February 16, 1954, to consider the petition of the defendant and the recommendation of the Planning Commission. At that hearing, certain objecting property owners appeared through their attorney. No decision was made by the commissioner on that date, nor was the hearing adjourned for consideration on a future named date. No further hearing was had by the commissioner on the application to rezone. On January 4, 1955, the petitioners discovered that the commissioner had on December 31, 1954, filed with the Plan-

ning Commission an undated resolution rezoning the defendant's properties from residential use to commercial use, with specific restrictions and reservations. The preamble to the resolution recited: "At a regularly called meeting of the Commissioner of Roads and Revenues of DeKalb County, Georgia, held in the DeKalb Building, Decatur, Georgia, February 16, 1954, after due advertisement in the DeKalb New Era as provided by law, the following action was taken:"

■ As we view the case, the controlling question as to whether the trial court erred or did not err in refusing an interlocutory injunction is one of law, viz., was the rezoning resolution issued by the commissioner adopted by him in the manner prescribed by sec. 8 of the Zoning Act of 1943?

The Commissioner of Roads and Revenues of DeKalb County, in enacting zoning laws and amendments thereto, acts solely by virtue of the delegated power of the General Assembly provided by the act of 1943, under the constitutional power conferred upon that body by art. 3, sec. 7, par. 23 of the Constitution of 1945 (Code, Ann., § 2-1923). Sec. 8 of the zoning act of 1943 provides the procedure for amending a zoning ordinance or resolution, as follows: After the adoption of a comprehensive zoning plan by resolution, the same may be modified or amended, and designated areas changed, by the Planning Commission submitting to the Commissioner of Roads and Revenues a recommendation as to the change, setting down a hearing on the proposed change for a certain date and hour, and giving notice to the public by publication for at least three weeks, and "on the day and hour appointed the Commissioner of Roads and Revenues of DeKalb County shall proceed to *hear* and *determine* the recommendation of said Planning Commission in this regard *and dispose of the zone* [*same*]. He shall have the right to continue the hearing from *day to day* or to *any named day* as in his discretion may be deemed advisable." (Italics ours.)

In exercising this delegated power, the commissioner acts, not in an administrative or judicial capacity, but in a legislative capacity. The method of procedure prescribed in the passage of an ordinance or resolution by county or municipal authorities, to whom authority to legislate has been delegated by statute or charter, must be strictly followed. Unless the ordinance or reso-

lution is adopted in compliance with the conditions and directions given, it will have no force. The method of procedure as provided in the statute or charter is generally mandatory and exclusive of all other methods. Campbell *v.* City of Cincinnati, 49 Ohio St. 463 (31 N. E. 606); Howard *v.* City of New York, 236 N. Y. 91 (140 N. E. 206); Niles Water-Works *v.* City of Niles, 59 Mich. 311 (26 N. W. 525); Texas & Pacific Ry. Co. *v.* Interstate Commerce Commission, 162 U. S. 197 (16 Sup. Ct. 666, 40 L. ed. 940); Panama Refining Co. *v.* Ryan, 293 U. S. 388 (55 Sup. Ct. 241, 79 L. ed. 446); Strain *v.* Mims, 123 Conn. 275 (193 Atl. 754); State ex rel. Spiros *v.* Payne, 131 Conn. 647 (41 Atl. 2d 908); Cain *v.* Lyddon, 343 Ill. 217 (175 N. E. 391); Leahy *v.* Inspector of Buildings, 308 Mass. 128 (31 N. E. 2d 436); State ex rel. Fairmount Center Co. *v.* Arnold, 138 Ohio St. 259 (34 N. E. 2d 777); 1 Zoning Law and Practice (2d ed.), Yokley, § 70. In amending the zoning law, the commissioner is not merely dealing with the rights of the parties who own the particular property affected thereby, but is enacting a law which is binding on all members of the public. His act in promulgating a zoning law is not judicial, which is dependent upon past facts, but is legislative, based upon present facts and operative only in the future.

There is no evidence in the record, nor is there any contention by the defendant, that the rezoning order was signed or issued by the commissioner on February 16, 1954, or on any subsequent date named by the commissioner at the time of the hearing. The former commissioner, who testified in this case by affidavit, does not state on what date the resolution was signed by him. The defendant's counsel rightly concede that the amending resolution could have no effect until it was filed with the clerk. In such circumstances, the commissioner was without power to sign and promulgate, on December 31, 1954, an amendment to the zoning resolution that was passed upon at a hearing held on February 16, 1954, at which hearing a determination of the matter then under consideration was not continued to a named date in the future. Under the provisions of the zoning act of 1943, the commissioner, in consideration of an amendment to the zoning resolution, is required to hear and determine the matter on the date set for the hearing, but he may continue the hearing and determination to a named date in the future. Clearly, it was

not a compliance with the law for the commissioner, more than ten months after the hearing, to enter an order thereon. In amending a zoning ordinance, the commissioner acts upon the then existing condition of the properties, and the consideration of the same must depend upon the interest, public health, safety, order, morals, convenience, property or general welfare of the community. Sec. 10, act of 1943. See Page v. City of Portland, 178 Ore. 632 (165 Pac. 2d 280) ; People ex rel. Joseph Lumber Co. v. City of Chicago, 402 Ill. 321 (83 N. E. 2d 592). The conditions that existed on February 16, 1954, in the area where the defendant's properties were located, could have changed by December 31, 1954, and a consideration of these changed conditions might have required a different order.

The amending resolution, not having been adopted in conformity to the statute, did not operate to change the defendant's property from a residential to a commercial use.

■ It is contended by the defendant, that since the amending resolution could only be effective after it was filed on December 31, 1954, the plaintiffs had an adequate remedy.by appealing the order to the Board of Zoning Appeals, and that since they knew of the order within the 10 days allowed for appeals, they are barred from obtaining equitable relief. The answer to this contention is that, the order of the commissioner amending the resolution being void, and under it the defendant acquiring no rights, there was nothing that the Board of Zoning Appeals could review. The general rule is that the validity of a zoning resolution cannot be raised in a proceeding before a board of zoning appeals. *Gay* v. *City of Lyons,* 209 *Ga.* 599, 607 (74 S. E. 2d 839) ; Baddour v. City of Long Beach, 279 N. Y. 167 (18 N. E. 2d 18, 124 A. L. R. 1003). See annotations in 136 A. L. R. 1378, and 168 A. L. R. 111. Furthermore, the zoning act of 1943 does not give to the Board of Zoning Appeals authority to review the acts of the commissioner in amending the zoning resolution.

■ It is further insisted by the defendant that the plaintiffs are barred by laches from seeking injunctive relief, because of their delay in bringing the present action. Its answer asserts that, in reliance on the amending resolution of December 31, 1954, and a permit issued to it, it began work in preparing its properties for use as a shopping center, and has done considerable grading

and clearing of its properties at a cost exceeding $8,000, and has contracted for more than $35,000 worth of storm sewers to be used in the shopping center.

In our opinion, the record in this case does not authorize a finding, as a matter of fact or law, that the plaintiffs were guilty of laches. They did not learn of said order until January 4, 1955. On January 11, 1955, the then Commissioner of Roads and Revenues, the successor to the Commissioner who issued the rezoning resolution, by written order revoked the resolution and permit issued to the defendant. Subsequently, on March 10, 1955, the plaintiffs were informed by the commissioner that the county attorney had advised him that it was doubtful if he had authority to revoke the rezoning resolution and permit, and that therefore he, the commissioner, would not place the order on his minutes. The plaintiffs filed the present petition for injunction on March 18, 1955. The cases relied on by the defendant as supporting its contention of laches (*Holt* v. *Parsons*, 118 *Ga.* 895, 45 S. E. 690; *Whipkey* v. *Turner*, 206 *Ga.* 410, 57 S. E. 2d 481) are distinguishable on their facts, and do not require a contrary ruling here.

■ In view of the foregoing rulings, it becomes unnecessary for us to pass upon the question of whether or not DeKalb County has adopted a comprehensive zoning plan in accordance with the zoning act of 1943. The court erred in refusing to grant an interlocutory injunction.

*Judgment reversed. All the Justices concur.*