19207. HUNTER *et al. v.* CITY OF ATLANTA *et al.*

SUBMITTED JANUARY 11, 1956—DECIDED FEBRUARY 13, 1956.

*Willingham, Gortatowsky & Morrison,* for plaintiff in error.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, Henry L. Bowden, Newell Edenfield, Robert S. Wiggins,* contra.

HEAD, Justice. 1. "Equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain or obstruct them." Code § 55-102.

The above Code section states the general rule. *City of Douglas* v. *South Georgia Grocery Co.,* 178 *Ga.* 657 (174 S. E. 127); *Jewel Tea Co.* v. *City Council of Augusta,* 183 *Ga.* 817 (190 S. E. 1); *Mather Brothers, Inc.* v. *City of Dawson,* 188 *Ga.* 450 (4 S. E. 2d 165); *Newman* v. *Aldredge,* 210 *Ga.* 765 (82 S. E. 2d 823). The general rule does not apply where a criminal prosecution illegally threatens irreparable injury or destruction of private property, and where the petitioner has no adequate remedy at law. In such cases equity will restrain a criminal prosecution. *Chaires* v. *City of Atlanta,* 164 *Ga.* 755 (139 S. E. 559, 55 A. L. R. 230); *Great Atlantic & Pacific Tea Co.* v. *City of Columbus,* 189 *Ga.* 458 (6 S. E. 2d 320); *Moultrie Milk Shed* v. *City of Cairo,* 206 *Ga.* 348 (57 S. E. 2d 199).

Equity will not enjoin the enforcement of an alleged unconstitutional law or ordinance where the petitioner fails to show that its enforcement would result in an infringement upon his rights. *Plumb* v. *Christie,* 103 *Ga.* 686 (30 S. E. 759, 42 L. R. A. 181); *Associated Cab Co.* v. *City of Atlanta,* 204 *Ga.* 591 (50 S. E. 2d 601). Whether or not the petitioners in the present case are entitled to relief in a court of equity depends upon the status of the billboards erected upon their property.

The City of Atlanta has constitutional and statutory power to enact zoning regulations. Constitution, art. III, sec. VII, par. XXIII (Code, Ann., § 2-1923); Ga. L. 1946, p. 191 (Code, Ann. Supp., Chapter 69-8); Ga. L. 1952, p. 2731; *Orr v. Hapeville Realty Investments*, 211 *Ga.* 235 (85 S. E. 2d 20).

The petitioners allege that they have "complied" with the applicable provisions of certain pleaded ordinances of the city, and they contend that, even if it be found that they have "violated any of the provisions" of the applicable ordinances, there is no authority for the city to stop the erection of the signs, for the petitioners have "substantially complied" with the applicable provisions of the pleaded ordinances. The sufficiency of these allegations to show compliance with the ordinances of the city, on general demurrer, need not be determined. The petitioners are not relying upon a compliance with the pleaded ordinances and with the act of the General Assembly, approved March 7, 1955 (Ga. L. 1955, p. 3080), which requires in § 3 thereof that "The Building Official shall receive applications required by the Building Code, issue permits and furnish the prescribed certificates." Under the pleaded ordinances and the amendment to the charter of the City of Atlanta, the authority to issue building permits is vested solely in the Building Official of the City of Atlanta. The petitioners show that they do not have a building permit from the building official of the city, but on the contrary, they are relying upon a resolution adopted by the board of aldermen, approved May 17, 1955, and repealed on June 20, 1955.

In the present case the resolution adopted by the board of aldermen did not have the effect of an ordinance in conflict with the general ordinances of the city. The resolution adopted by the board of aldermen is not a special ordinance.

The powers of public officers are defined by law, and persons dealing with public officers must take notice of the extent of their powers. Code § 89-903; *Morris Plan Bank of Georgia v. Simmons*, 201 *Ga.* 157, 171 (39 S. E. 2d 166). The illegal and unauthorized attempt on the part of the board of aldermen to assume an authority not vested in them by law will not relieve the petitioners of the failure to comply with the applicable charter

amendment and ordinances of the city pertaining to procuring a permit from the building official of the city. Municipal corporations are not liable for errors in performing their legislative or judicial powers. Code § 69-301.

Having failed to comply with the applicable law, in that no permit was procured from the Building Official of the City of Atlanta, the petitioners had no property right in the billboards described that can be protected in a court of equity as against ordinances of the city prohibiting them.

2. Municipal ordinances can not be oppressive or unreasonable, and they can not unfairly discriminate in favor of one class against another. *Toney* v. *Mayor &c. of Macon*, 119 *Ga.* 83 (46 S. E. 80). In the present case the ordinances set out in the petition, and the charter amendment (Ga. L. 1955, p. 3080), do not contain exceptions in favor of individuals or groups alleged in count two of the petition as being preferred. It is only in those instances where laws are applied differently to different persons under the same or similar circumstances that the equal protection of the law is denied. *Baugh* v. *City of LaGrange*, 161 *Ga.* 80, 81 (130 S. E. 69); *Gardner* v. *City of Brunswick*, 197 *Ga.* 167, 171 (28 S. E. 2d 135); *Ashley* v. *City of Greensboro*, 206 *Ga.* 800 (58 S. E. 2d 815).

In the present case it is alleged that persons maintaining signs or billboards similar in character to those of the petitioners have procured a permit from the Building Official of the City of Atlanta. It, therefore, is not made to appear that there is any discrimination against the petitioners and in favor of those named as maintaining signs or billboards in count two of the petition, since the petitioners admit that they have not procured such permit.

*Judgment affirmed. All the Justices concur.*