19426. ORR *et al.* v. HAPEVILLE REALTY CO., *et al.*

SUBMITTED JULY 9, 1956—DECIDED SEPTEMBER 7, 1956—REHEARING DENIED OCTOBER 11, 1956.

*Merrell Collier, Henry L. de Give,* for plaintiff in error.

*Heyman, Abram & Young, Charles F. Whittenstein, J. C. Savage, J. M. B. Bloodworth, Henry L. Bowden, Newell Edenfield, Robert S. Wiggins, Ferrin Y. Matthews, Jos. J. Fine, D. W. Rolader,* contra.

DUCKWORTH, Chief Justice. ■ In *Orr* v. *Hapeville Realty Investments,* 211 *Ga.* 235 (85 S. E. 2d 20), this court held the 1952 act (Ga. L. 1952, p. 2731) not subject to various constitutional attacks. The demurrers to a petition to dissolve injunctive orders make further constitutional attacks thereon. The provision changing the 1946 act, so as to provide that, in municipalities having more than 300,000 population, hearings may be held by a committee rather than the entire governing body of such city, is not discriminatory, and hence is not offensive to the equal-protection clause of the Constitution. Nor is due process as required by the Constitution denied by the terms of the act requiring that notice of hearings be published in the county where the land affected lies and in newspapers wherein sheriff's sales

are advertised instead of in the official organ of the municipality. Neither is the provision, requiring consent of the governing authority of a county in which the smallest portion of the city's population resides in any municipality that embraces parts of more than one county before property in such county can be zoned, discriminatory in violation of the Constitution. The act requires that two of the appointments to a joint planning board be made by the governing authority of that county from residents of the city and county wherein the larger portion of the population resides. This will give owners of property in that county a voice in adopting zoning ordinances. Properties in two or more counties are so different as relates to the zoning law that the classification and different means of affording a voice are justified.

Other criticisms are too frivolous to merit discussion more than to rule that they are without merit. Therefore the constitutional grounds of the demurrers being without merit, it was not error to overrule these grounds. Since the order overruling the demurrers also dissolved the orders as prayed in the motion, and further provided that the defendants and their successors be enjoined from using the land involved for any purpose in violation of zoning ordinances, any possible error in overruling the demurrers to the petition to dissolve previous similar orders was rendered harmless.

■■ Headnotes 2 and 3 require no further elaboration.

*Judgment affirmed. All the Justices concur.*