19742. MAYOR & COUNCIL OF WAYNESBORO *v.* McDOWELL.

SUBMITTED JUNE 10, 1957—DECIDED JULY 3, 1957.

*H. Cliff Hatcher,* for plaintiffs in error.

*George W. Fryhofer,* contra.

WYATT, Presiding Justice. The plaintiffs in error state in their brief that the only question for decision by this Court is, "Did the Mayor and Council have a right on February 4, 1957, to amend said zoning law of the City of Waynesboro by a simple majority vote instead of a ¾ vote, as set out in the old ordinance?" This is the only question argued by the plaintiffs in error in their brief, and this is the only question with which we shall deal, all other questions being considered as abandoned.

Plaintiffs in error contend that they did have the right to amend the zoning law by a simple majority vote, because the provisions of the 1953 ordinance requiring a three-fourths vote of the city council when a proper protest is filed was violative of Code § 69-202 which provides: "One council may not by an ordinance bind itself or its successors so as to prevent free legislation in matters of municipal government." While we, of course, recognize this to be the law and have applied it in a number of cases, we do not find it to be applicable to the facts in the instant case.

The Comprehensive Zoning Act (Ga. L. 1946, p. 191 et seq.; Code, Ann. Supp., Ch. 69-8) provides, among other things, that municipalities which elect to come under its provisions shall select a planning board (Code, Ann. Supp., § 69-803); that such board shall make and certify to the governing authorities of such municipality a zoning plan, including the full text of the zoning

regulations and maps representing the recommendations of the board as to purposes for which land may be used or structures permissible in the various zones or districts (Code, Ann. Supp., § 69-810). Code (Ann. Supp.) § 69-813 provides in part as follows: "No change in or departure from the text or maps, as certified by the planning board, shall be made unless such changes or departure shall first be submitted to the planning board for its consideration and recommendation." Code (Ann. Supp.) § 69-814 provides: "The governing authority of the municipality may, from time to time, amend the number, shape, boundary or area of any district or districts, or any regulation of, or within such district or districts, or any other provisions of any zoning regulations, but no such amendment shall be made or become effective until the same shall have been proposed by or be first submitted for approval, disapproval, or suggestions to the planning board."

From the above review of certain sections of the zoning act, supra, it is apparent that the legislature has itself restricted the power of the governing authorities of a municipality which has elected to come within the provisions of the zoning act, supra, to adopt, amend, or change a zoning plan proposed or adopted by them. It is clearly intended to be a limitation upon the legislative power of the governing authorities of such municipality. In the instant case, the provision requiring a favorable vote of three-fourths of the members of the city council upon a proposed amendment to the zoning plan, when there is a proper protest filed, is itself a part of the zoning plan of the City of Waynesboro, and Code (Ann. Supp.) § 69-814 provides that "no such amendment shall be made or become effective until the same shall have been proposed by or be first submitted . . . to the planning board."

It is admitted that no proposed amendment eliminating the three-fourths vote requirement was ever proposed by the planning board or submitted to them in the instant case. The mayor and council are limited in the exercise of legislative power for the adoption of ordinances to the powers conferred upon them by law. *Orr* v. *Hapeville Realty Investments, Inc.,* 211 *Ga.* 235 (85 S. E. 2d 20) ; *Toomey* v. *Norwood Realty Co.,* 211 *Ga.* 814

(89 S. E. 2d 265); *Hunter* v. *City of Atlanta,* 212 *Ga.* 179 (91 S. E. 2d 338). One of the limitations placed upon the legislative power of a municipality electing to come under the provisions of the zoning law, supra, is that, before the zoning plan adopted by them can be amended, the amendment must either be proposed by the planning board or be first submitted to them. This was not done in the instant case in so far as the elimination of the provision requiring a favorable vote of three-fourths of the members of the city council when a proper protest was filed, and the mayor and council are required to comply with it. Since it appears that the proposed amendment did not secure the required vote, it was not validly adopted.

Nothing said herein is in conflict with the decision of this court in *South Georgia Power Co.* v. *Baumann,* 169 *Ga.* 649 (151 S. E. 513), cited and relied upon by the plaintiffs in error, and other cases to the same effect. These cases deal with the amendment of an ordinance over which the legislature has provided no restrictions, and the case expressly recognizes that the creating authority may restrict the legislative power of a city council. See also *Collier* v. *City of Barnesville,* 45 *Ga. App.* 380 (165 S. E. 146); *Aven* v. *Steiner Cancer Hospital,* 189 *Ga.* 126 (5 S. E. 2d 356), which are cases where the action taken by the governing authority was either not restricted by the legislature or complied with the terms of any such restrictions.

From what has been said above, the judgment of the court below enjoining the plaintiffs in error as prayed was not error.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., and Candler and Hawkins, JJ., who dissent.*

CANDLER, Justice, dissenting. I dissent in this case upon the ground that, where a municipality elects to come within the provisions of the comprehensive zoning act of 1946, it has no right by ordinance to limit the provisions contained in that act, as this municipality undertook to do. I am authorized to say that Mr. Justice Hawkins concurs in this dissent.